STATE v. TILLEY

[100 N.C. App. 588 (1990)]

---

STATE OF NORTH CAROLINA v. HOMER TILLEY, III

No. 9025SC535

(Filed 6 November 1990)

**Criminal Law § 474 (NCI4th)— indictments summarized to jury— no error**

The trial court did not err in a prosecution for burglary, robbery, and assault by summarizing the indictments in order to explain the charges to the jury. N.C.G.S. § 15A-1213.

**Am Jur 2d, Trial §§ 700, 715.**

STATE v. TILLEY

[100 N.C. App. 588 (1990)]

APPEAL by defendant from *Kirby (Robert W.), Judge*. Judgment entered 15 December 1989 in Superior Court, CALDWELL County. Heard in the Court of Appeals 15 October 1990.

Defendant was charged in proper bills of indictment with first degree burglary in violation of G.S. § 14-51, robbery with a dangerous weapon in violation of G.S. § 14-87, and assault with a deadly weapon with intent to kill inflicting serious injury in violation of G.S. § 14-32(a). He was found guilty of first degree burglary, robbery with a dangerous weapon, and assault with a deadly weapon inflicting serious injury. The offenses were consolidated for judgment, and defendant was sentenced to fifty years in prison. Defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General D. David Steinbock, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender M. Patricia DeVine, for defendant, appellant.*

HEDRICK, Chief Judge.

The record in this case was mailed by the Clerk of this Court to counsel for defendant on 25 May 1990. On 25 June 1990, counsel for defendant filed a motion for an extension of time to file defendant's brief, and this Court entered an order allowing defendant's brief to be filed on or before 15 July 1990. On 16 July 1990, counsel for defendant filed another motion for an extension of time to file defendant's brief, and this Court entered an order allowing defendant's brief to be filed on or before 2 August 1990. On 2 August 1990, counsel for defendant filed yet another motion for an extension of time to file defendant's brief. On 3 August 1990, this Court denied that motion. On 20 August 1990, the State moved to dismiss defendant's appeal on the grounds that defendant had not filed a brief. On 21 August 1990, counsel for defendant filed a motion to have defendant's brief deemed timely filed and contemporaneously filed the brief. On 23 August 1990, out of an abundance of caution to see that defendant had appellate review, this Court entered an order which referred the motion to dismiss to the panel to which the case was assigned and allowed the motion to deem the brief timely filed. It is noted that eighty-eight days elapsed between the time the record was mailed to counsel and the time defendant's brief was filed.

STATE v. TILLEY

[100 N.C. App. 588 (1990)]

In the record defendant's counsel has set out four assignments of error as follows:

1. The trial court erred in reading aloud to the jury the details of each offense as set out in the bills of indictment prior to trial; on the grounds that defendant was prejudiced by this statutorily prohibited procedure and his rights to due process under the state and federal constitutions were violated.

2. The trial court erred in denying the defendant's motions to suppress certain statements made to Sergeant Brown on October 13, 1988 and to Detective Mike Miller on January 26, 1989; on the grounds that these statements were obtained in violation of the defendant's state and federal constitutional rights.

3. The trial court erred in denying the defendant's motions to dismiss the charges at the close of the State's case and of all the evidence; on the grounds that there was insufficient lawful evidence as a matter of law that defendant was the perpetrator of these offenses and he was thereby deprived of his rights to due process under the state and federal constitutions.

4. The trial court committed plain error in failing to instruct the jury on the lesser included offense of common law robbery; on the grounds that there was evidence warranting the instruction and defendant was prejudiced by its omission and thereby deprived of his due process rights under the state and federal constitutions.

In the brief, all the assignments of error have been abandoned except the one in which defendant argues that the trial court erred by reading to the jury, prior to trial, the details of each offense as set out in the bills of indictment. G.S. § 15A-1213 prohibits the reading of the pleadings by the trial judge to the jury. In this case, the trial judge did not read from the indictment, but instead summarized the indictments in order to explain the charges to the jury. Such a summarization is permissible and is in fact necessary to inform the jurors of the circumstances surrounding the case against defendant as required by G.S. § 15A-1213. *State v. Leggett*, 305 N.C. 213, 287 S.E.2d 832 (1982). Defendant's assignment of error is meritless.

We hold defendant had a fair trial, free from prejudicial error.

No error.

Judges ARNOLD and COZORT concur.